_____ FILED            _____ RECEIVED
_____ ENTERED          _____ SERVED ON
                COUNSEL/PARTIES OF RECORD

MAY 1 7 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

COTTON CLOUD, INCORPORATED, a
Nevada corporation, d/b/a ARTIFICIAL
GRASS DIRECT, HARRY JACKSON, FRAN
JACKSON,

               Plaintiffs,

vs.

COVEIN LICENSING, LLC, a Delaware
limited liability company, STEVEN L.
LINVILLE, individually, and as President of
COVEIN LICENSING, LLC, and as a
Managing Member of PLAYFIELDUSA, LLC,
PLAYFIELD-PREGRA LLC, a Nevada limited
liability company, DOES 1-10, ROE
CORPORATIONS 1-10, ZOE LIMITED
LIABILITY COMPANIES, 1-10,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

2:13-cv-00226-RCJ-VCF

**ORDER**

Before the Court are Plaintiffs' Emergency Petition to Remand (ECF No. 4) and

Motion for Hearing of Emergency Petition to Remand (ECF No. 11), as well as

Defendants' Countermotion to Transfer to the Northern District of Georgia (ECF No. 7).

For the reasons stated herein the Court grants Plaintiffs' Petition to Remand, and

Denies Defendants' Countermotion to Transfer.  The Motion for Hearing is rendered

moot.

I.   **FACTS AND PROCEDURAL HISTORY**

This Case arises out of an alleged breach of contract between the parties.  The

1   Action was brought in the Eighth Judicial Court, District of Nevada on January 19, 2011.

2   Discovery commenced and a trial date was set for January 2, 2013.  The trial was

3   postponed to March 11, 2013.  On February 11, 2013, Defendants removed the Action

4   to this Court based on diversity and amount in controversy exceeding $75,000. (Pet.

5   Removal, ECF No. 1).  Plaintiffs filed an Emergency Petition to Remand to State Court.

6   **II.    LEGAL STANDARDS**

7           **(b) Requirements; generally.—(1)** The notice of removal of a civil
        action or proceeding shall be filed within 30 days after the receipt by the
8       defendant, through service or otherwise, of a copy of the initial pleading
        setting forth the claim for relief upon which such action or proceeding is
9       based, or within 30 days after the service of summons upon the defendant
        if such initial pleading has been filed in court and is not required to be served
10      on the defendant, whichever period is shorter.

11  28 U.S.C § 1446(b).

12          **(3)** Except as provided in subsection (c), if the case stated by the
        initial pleading is not removable, a notice of removal may be filed within 30
13      days after receipt by the defendant, through service or otherwise, of a
        copy of an amended pleading, motion, order or other paper from which it
14      may first be ascertained that the case is one which is or has become
        removable.

15  *Id.* at §1446(b)(2)(C)(3)

16

17          **(c) Requirements; removal based on diversity of citizenship.—(1)**
        A case may not be removed under subsection (b)(3) on the basis of
18      jurisdiction conferred by section 1332 more than 1 year after commencement
        by the action, unless the district court finds that the plaintiff has acted in bad
19      faith in order to prevent a defendant from removing the action.

20  *Id.* at § 1446(c).

21
    **III.   ANALYSIS**
22
        This Motion to Remand turns on whether Defendants are barred from
23
    removing due to the amount of time that has passed since commencement of the
24

25                          Page 2 of 5

1  Action.  Plaintiffs argue that not only is the removal untimely, but that it is also
2  barred because complete diversity between the parties does not exist.  To
3  support their proposition, Plaintiffs allege that because one of the limited liability
4  companies named as a defendant, Playfield-Pregra LLC, is a Nevada LLC,
5  diversity is destroyed.  The Court does not agree.  The law has been clearly
6  established, "For the purposes of diversity jurisdiction, a limited liability company
7  is considered a citizen of every state of which its owners/members are citizens."
8  *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006).
9  Here, all the members of the Defendant LLCs appear to reside outside of
10  Nevada.  Thus, diversity exists.

11      However, the issue remains regarding the apparent untimely removal from
12  the state court.  The statute defining the procedures for removal are clear on the
13  30-day maximum time for removal.  An exception to this 30-day window occurs
14  when at the outset of the action it was not removable, but then due to an
15  amended complaint becomes removable. U.S.C. 28 § 1446(b)(2)(C)(3).  In those
16  cases, the statute provides for an additional 30 days from the filing of the
17  amended complaint. *Id.*  Further, the statute states that in these instances if it
18  becomes removable under §1332, the action may not be removed if more than
19  one year has passed since the filing of the initial complaint. *Id.* at § 1446(c).  The
20  exception to this one-year bar is if the district court finds the plaintiff acted in bad
21  faith in order to prevent the defendant from removing the action. *Id.*

22      Defendants argue removal was timely because the limitations cited above
23  do not apply to the facts of this case.  To support their proposition Defendants
24  assert "controlling authority for the 9th Circuit has clearly outlined the time

25                              Page 3 of 5

1  parameters for removal in this type of case . . . ." (Response Mot. Remand, ECF
2  No. 6, at 4).  Defendants' contention is based on a Ninth Circuit case, *Ritchey v.*
3  *Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998).  This case has been confusing and
4  controversial among the Circuits.  The case clarifies the statute in that the one-year
5  limitation is only imposed upon those cases which become removable after the initial 30
6  day limitation. *Id.* at 1316.  Though that proposition is fairly clear, the court then stated
7  fraudulently joined defendants will not defeat removal on diversity grounds. *Id.*  In
8  *Ritchey*, there were sham defendants which were a part of the case from the outset.
9  The court determined that since the sham defendants were only present to destroy
10  diversity, and that since the complaint was never amended to create diversity, the one-
11  year limitation would not apply. *See id.*  Thus, the limit does not apply to cases that
12  were removable in the first place but were not removed due to fraud or some other
13  dilatory tactic to prevent removal.

14  Defendants assert, based on *Ritchey*, "the one-year limitation applies only if a
15  case becomes removable sometime after the initial commencement of the case."
16  (Response Mot. Remand, ECF No. 6 at 5).  Defendants contend this Action is the same
17  as Ritchey and "because the Ritchey case was ruled a timely removal, this case should
18  be ruled a timely removal." (Response Mot. Remand, ECF No. 6, at 5) Defendants'
19  interpretation is misguided.  Otherwise, there would be no initial 30-day limit to remove.
20  Here, Defendants failed to remove within the initial 30-day window that the statute
21  allows.  The Court grants Plaintiffs' Motion to Remand back to the state court because
22  the removal was untimely.

23  Defendants' Motion to Transfer to the Untied States District Court for the
24  Northern District of Georgia is Denied as this court has no jurisdiction.

25  Page 4 of 5

1                                  **CONCLUSION**

2        IT IS HEREBY ORDERED that Plaintiffs' Emergency Petition to Remand Matter

3 Back to Eighth Judicial District Court (ECF No. 4) is GRANTED and the Motion for

4 Hearing (ECF No. 11) is moot.  IT IS further ORDERED that Defendants' Motion to

5 Transfer to United States District Court for the Northern District of Georgia is DENIED.

6 .

7

8 DATED: This 17th day of May, 2013.

9

10

11

12

13                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25                             Page 5 of 5